People v McBee (2019 NY Slip Op 01234)





People v McBee


2019 NY Slip Op 01234


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-06991
 (Ind. No. 14-00715)

[*1]The People of the State of New York, respondent,
v
Dennis McBee, appellant.


Thomas R. Villecco, Jericho, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Nicholas D. Mangold of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas DeRosa, J.), rendered May 4, 2016, convicting him of murder in the second degree, robbery in the first degree, assault in the first degree, assault in the second degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to establish that he committed or attempted to commit the robbery upon which his conviction of murder in the second degree pursuant to Penal Law § 125.25(3) was based is unpreserved for appellate review inasmuch as he did not specify this ground in support of his motion to dismiss at trial (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's commission or attempted commission of the underlying robbery beyond a reasonable doubt and, concomitantly, the defendant's guilt of murder in the second degree. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to murder in the second degree was not against the weight of the evidence (see People v Danielson, 9 NY3d 342; People v Romero, 7 NY3d 633).
The defendant's further contention that the County Court deprived him of the effective assistance of counsel by denying his request pursuant to County Law § 722-c to obtain the services of a DNA expert is belied by the record and without merit.
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court